IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 13, 2010

**JOHN ANTHONY BAILEY v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Madison County**
**No. C-09-170    Roy B. Morgan, Jr., Judge**

**No. W2009-01732-CCA-R3-PC  - Filed October 28, 2010**

Petitioner John Anthony Bailey filed the present petition for post-conviction relief in 2009 seeking relief from convictions entered in 1995 and 1996. Petitioner acknowledged that his petition was not filed within the one year statute of limitations; however, he asserted that due process required tolling of the statute of limitations. The post-conviction court denied relief. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Jerry M. Mosier, Jackson, Tennessee, for the appellant, John Anthony Bailey.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee.

**OPINION**

From what we can glean from the sparse record before us, Petitioner was convicted of a variety of drug and weapons charges, as well as for reckless endangerment, in two cases in 1995 and 1996. In 2009, Petitioner filed a pro se petition for post-conviction relief challenging his convictions in both cases.

Petitioner acknowledged that his petition is tardy. It was filed in June, 2009, well after the expiration of the one-year statute of limitations for his 1995 and 1996 convictions. See Tenn. Code Ann. § 40-30-102(a). However, Petitioner contended that due process demands that the statute of limitations be tolled.

The post-conviction court appointed counsel and held a hearing. During the hearing, the post-conviction court summarily dismissed many of Petitioner's claims because they were barred by the statute of limitations. It allowed Petitioner to make an offer of proof, but only regarding his claim of the existence of exculpatory evidence. Ultimately, the post-conviction court concluded that all of the claims were untimely and dismissed the petition.

In the present appeal, Petitioner does not challenge the trial court's evaluation of the evidence Petitioner submitted. Instead, he argues that the trial court erred in limiting the evidence Petitioner was allowed to submit.

The record before us does not supply a sufficient basis to evaluate Petitioner's appeal. It is evident from the transcript of the post-conviction court's hearing that counsel submitted an amended petition. The parties and the court operated based on that amended petition, but it is not in the record. Even after the State noted its absence, Petitioner did not supplement the record to include the amendment. Moreover, Petitioner's argument on appeal is that if he were allowed to present evidence about the other claims raised in his amended petition, the court could discern a basis for finding due process tolled the statute of limitations. That requires us to evaluate the other claims, which in turn requires us to review the amended petition. We do not have the amended petition; thus, we cannot evaluate Petitioner's argument on appeal.

Petitioner carries the burden of ensuring that the record on appeal conveys a fair, accurate, and complete account of what has transpired with respect to those issues that are the bases of appeal. See Tenn. R. App. P. 24; see also Thompson v. State, 958 S.W.2d 156, 171 (Tenn. Crim. App. 1997). Without an adequate record on appeal, we must presume that the post-conviction court's dismissal was correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). We therefore affirm the post-conviction court's dismissal of the petition.

_____
NORMA McGEE OGLE, JUDGE